State, *ex rel.*, Railroad Com. v. F. E. C. Ry. Co.—Syllabus.

THE STATE OF FLORIDA, *ex rel.*, RAILROAD COMMISSIONERS, *Relators*, v. FLORIDA EAST COAST RAILWAY COMPANY, *Respondent*.

## Opinion Filed April 20, 1915.

1. The evidence does not sustain an averment that the order of the Railroad Commissioners sought to be enforced by mandamus was made arbitrarily and without any evidence to support it.

2. It is incumbent upon the carrier to clearly show by convincing evidence that the service required in the entire traffic to which an order of the Railroad Commission applies would under the order be rendered without just compensation, by showing the cost of respondent's entire intra-state service, to which the order applies, the receipts therefrom, the value of the property properly apportioned to and devoted to such intra-state traffic, and the practical effect of applying the order.

3. Where a respondent railroad company avers the illegality of an order of the Railroad Commission forbidding special charges for the transportation of passengers over river bridges and does not present evidence on which the court may adjudicate the legality of the order, the *prima facie* legal character of the order stands, making it enforceable by mandamus.

This is a case of original Jurisdiction in the Mandamus.

Peremptory writ awarded.

ELLIS, J., takes no part.

*F. M. Hudson,* for Relators;

*Alex St. Clair-Abrams,* for Respondent.

WHITFIELD, J.—This proceeding was brought to enforce an order No. 357 of the State Railroad Commissioners which in effect requires the respondent to cease charging extra compensation for the transportation of intra-State passengers over the carrier's bridges across the St. Johns river at Jacksonville and at Palatka, Florida, the order being made upon the theory that the extra charge is unreasonable and unjustly discriminatory. The return to the alternative writ averred that the order was made "Arbitrarily and without any evidence" and "without one word of evidence * tending to show that the charges made over the bridges * were unjust and unreasonable." The return also stated facts tending to show that the special charges complained of were not unreasonable or unjustly discriminatory, and that the enforcement of the order forbidding the special charges would deny to the respondents its property rights under the constitution. A demurrer to the return in effect admitted the averments of facts contained in the return and the demurrer was overruled. State *ex rel.*, Railroad Com'rs. v. Florida East Coast R. Co., 64 Fla. 112, 59 South. Rep. 385.

Subsequently replications to the return were filed making more specific the allegations contained in the alternative writ and taking issue on the material averments of the respondent's return. Rejoinders seeking to justify the charges were filed, in which it is also averred "that since the institution of the mandamus proceedings herein, and since the filing of the return this respondent has readjusted its passenger rates along the entire line of road and reduced the special charge of fifteen cents over the Jacksonville bridge, as well as the charge over the Palatka bridge of twenty. cents, to five cents, applicable

to all passengers without any discrimination whatever." Issue was taken on the rejoinders and testimony was taken by consent proceedings, and the cause is now presented for final disposition on the pleadings and the evidence.

In order to avoid the enforcement of the order of the Railroad Commissioners the burden is upon the respondent to show by clear and convincing evidence that the order sought to be enforced was in fact, as alleged, made arbitrarily and without any evidence whatever to support it, or that the order will in its practical operation be violative of the respondent's property rights under the State and Federal Constitutions.

The only testimony in support of the averment that the order was made without any evidence whatever to support it, is the following by the respondent's counsel: "At no time was I ever advised or informed of any testimony being brought before the Commissioners to sustain the citation to the company to appear before it and show cause why the order should not be issued. If there was any testimony taken before the Commission it was taken in my absence, and I was the sole attorney for the Florida East Coast Railway in that proceeding, and never was given an opportunity to cross examine any witness or to rebut any testimony upon which that order was based."

It does not appear that the counsel who testified was at all the hearings on the subject, and the Commissioners may have had documentary evidence before them that was accessible to the respondent, which was not fully met by the respondent's showing adverse to the order then under consideration. Besides this there is apparently a discrimination as to the special bridge charge which the

Commissioners may have regarded as unjust, in that a special charge is not in fact made as to freight or as to all passengers transported over the bridge.

The evidence above quoted does not of itself sustain the averment that the order was made without a consideration of any evidentiary matters to support it; and in the absence of admission by demurrer or otherwise, or of a clear and definite evidentiary showing to the contrary, it will be presumed that the order was made upon investigation and a due consideration of substantial and pertinent evidence as a legal predicate for the official action taken. Until the contrary appears by admissions or proofs it will be presumed that in making an order or regulation, the Railroad Commissioners acted not arbitrarily, but upon full hearing or after giving all interested parties a reasonable opportunity to be heard, and upon appropriate evidence duly considered and properly applied. State *ex rel.*, Railroad Com'rs. v. Florida East Coast R. Co., *supra;* State *ex rel.*, Com'rs. v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175; State *ex rel.* Railroad Com'rs. v. Louisville & N. R. Co., 63 Fla. 274, 57 South. Rep. 673; State *ex rel.*, Railroad Com'rs. v. Atlantic Coast Line R. Co., 64 Fla. 469, 60 South. Rep. 186.

It is incumbent upon the carrier to clearly show by convincing evidence that the service required in the entire traffic to which the order applies would under the order be rendered without just compensation, by showing the cost of respondent's entire intra-State passenger service, the receipts therefrom, the value of the property properly apportioned to and devoted to intra-State traffic, and the practical effect of applying the order. See Norfolk & Western Ry. Co. v. Conley, 236 U. S. 605, — Sup.

Ct. Rep. —, decided March 8th, 1915; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. Rep. 418. While the road of the carrier in this case is located entirely within this State and does business of a local or intra-State nature, it also transports passengers and freight in continuous transit from or to other States and foreign countries.

The respondent has not shown the cost of doing its intra-State passenger business, or the receipts from such business, or the cost of its entire intra-State business, or the receipts from such business, or the value of the property properly apportioned to and devoted to such intra-State business. See Simpson v. Shepard, 230 U. S. 352, 33 Sup. Ct. Rep. 729; St. Louis & S. F. Ry. Co. v. Gill, 156 U. S. 649, text 665, 15 Sup. Ct. Rep. 484. In the absence of necessary evidence this court cannot now determine whether, as averred, the enforcement of the order and the discontinuance of the special charges for transportation of passengers over the bridges, will so deprive the respondent of reasonable compensation for the service rendered as to unlawfully invade its property rights. Conceding that extra expenses are incurred in maintaining and in operating the bridges, this alone does not show the order to be illegal when the receipts and expenses of the entire traffic to which the order applies and the value of the property used in rendering the intra-State service are not shown: If these evidentiary matters essential for consideration in determining the question presented. are difficult to produce, that does not excuse the non-production of them. Northern Pac. Ry. Co. v. North Dakota, 236 U. S. 585, — Sup. Ct. Rep. —, decided March 8th, 1915. The respondent has better knowledge, information and facilities for procuring the necessary data than any one else; and in order to establish the

478    SUPREME COURT OF FLORIDA.

defense it has asserted here, such essential evidentiary matters must be duly produced. On the showing made transportation of passengers over the bridges mentioned may not be regarded as a distinct and divisible portion of the respondent's business or of the service it renders, so that the expense of such traffic and the receipts therefrom may be considered apart for respondent's other intra-State passenger traffic. See State ex rel., Railroad Com'rs. v. Atlantic Coast Line R. Co., 64 Fla. 469, 60 South. Rep. 186. If it should be so considered there is no definite evidence as to receipts and expenses of such special service, or of the value of the property used in rendering the special service, either as an entirety or as to the intra-State business alone in so far as the order is applicable to it. The expense of maintaining and operating the bridges should be borne in proper proportions by every character of business done or service rendered in their use. One class of traffic cannot lawfully be required to bear more than its proper share of the expense. Northern Pac. Ry. Co. v. North Dakota, 236 U. S. 585, — Sup. Ct. Rep —, decided March 8th, 1915. There is evidence as to receipts from the special bridge charges and as to the expense of maintaining and operating the bridges, and that the special charge of five cents is made for all passengers transported over the Jacksonville bridge, except those who pay an arbitrary round trip rate to Mayport and other resorts on the Atlantic Coast; but it does not appear that the respondent's freight rates include a special charge for the bridge service. This evidence is not sufficient to clearly show unreasonableness in the order forbidding the special charge to be made, the order being *prima facie* reasonable and just and the

burden being upon the respondent to show that it is so unreasonable as to be illegal.

The special charge over the Palatka bridge has not been justified by the requisite proof as to its reasonableness and freedom from unjust discrimination, it appearing that a special charge is made only as to south bound passengers over the bridge, and not as to north bound passengers from Palatka or to freight. See Alabama & V. R. Co. v. Mississippi R. Commission, 203 U. S. 496, 27 Sup. Ct. Rep. 163. The Palatka bridge is on a branch line—not on the main line—but no proper evidence is adduced to legally show the invalidity of the order requiring the special charge to be discontinued. See St. Louis & S. F. Ry. Co. v. Gill, 156 U. S. 649, 15 Sup. Ct. Rep. 484; Wood v. Vandalia R. R. Co., 231 U. S. 1, — Sup. Ct. —, — Rep. ; Simpson v. Shepard, Minnesota Rate Cases, 230 U. S. 352, 33 Sup. Ct. Rep. 729; St. Louis & H. R. Co. v. Knott, Missouri Rate Cases, 230 U. S. 474, 33 Sup. Ct. Rep. 976; Southern Pac. Co. v. Campbell, 230 U. S. 537, text 549, 33 Sup. Ct. Rep. 1027.

As the respondent has not presented evidence on which the court may adjudicate the reasonableness of the order, its *prima facie* character stands, making it enforceable by mandamus. It is therefore not necessary to consider any other questions.

A peremptory writ will issue.

TAYLOR, C. J., AND SHACKLEFORD AND COCKRELL, JJ., concur.

ELLIS, J., takes no part.