CORAM et al. v. INGERSOLL.

(Circuit Court of Appeals, First Circuit. November 16, 1904.)

No. 561.

1. APPEAL—REVIEW—ORDER GRANTING PRELIMINARY INJUNCTION.

An order granting a preliminary injunction restraining the removal out of the jurisdiction of the court of property on which complainant claims a lien will not be disturbed by an appellate court where such removal might work irreparable injury to complainant, and the continuance of the injunction cannot seriously harm the defendants, unless it is entirely clear from the record that there is no equity in the bill.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 132 Fed. 168.   See 127 Fed. 418.

Thaddeus D. Kenneson and Louis D. Brandeis (Larkin T. Trull and Frederick N. Wier, on the brief), for appellants.

Edgar N. Harwood and Hollis R. Bailey (John H. Hazelton, on the brief), for appellee.

Before COLT, Circuit Judge, and ALDRICH and HALE, District Judges.

PER CURIAM. Upon the threshold of this appeal from the injunction order we are met with two important considerations which cannot but affect the exercise of that discretion upon which the determination of motions for preliminary injunctions so largely turns: First, this case is practically ready for final hearing upon its merits; and, second, the vacating of the present order might result in irremediable injury to the appellee, while its continuance works comparatively little harm to the appellants. The whole effect of the injunction is simply to prevent the transfer beyond the jurisdiction of this court, pending a hearing upon the merits, of a fund on which the appellee claims to have a lien. In other words, the sole effect of the injunction is that matters remain in statu quo. If it were entirely clear upon the face of the papers that there is no equity in the bill, upon any aspect in which it may be viewed, it would be the duty of the court to vacate this restraining order; but, as we are not satisfied that such is the case, upon the appellants' own showing, it seems to be clearly our duty not to disturb the present condition of the parties.

We have no doubt of the reasonableness of the preliminary injunction. The injunction merely holds the fund in the custody of the administrator, where this proceeding finds it, until the rights of the parties may be established upon final hearing. We therefore upon this hearing decline to interfere with the injunction order below. In reaching this conclusion we neither express nor intimate in any way any opinion upon the merits of the case.

The injunction order entered in the Circuit Court on September 6, 1904, is affirmed, and the appellee recovers her costs of appeal.