## INGERSOLL v. CORAM et al.

(Circuit Court, D. Massachusetts. March 22, 1905.)

### No. 1,757.

1. FEDERAL COURTS—LOCAL SUIT TO ESTABLISH LIEN—LIMITATION OF DECREE.

In a suit in a federal court, brought under section 738, Rev. St., to establish a lien on the interest of defendants in property in the hands of an ancillary administrator in the state in which the suit is brought, the decree is necessarily confined to the property localized within the juris-

diction, although personal judgments may be entered against the defendants, to which the liens are incidental.

**2. EQUITY—SUIT TO ENFORCE LIEN—DISREGARD OF FORMAL OBJECTIONS.**

The fact that in ancillary probate proceedings the will of a testator was admitted to probate without any expressed reference to a compromise decree entered in the state of original jurisdiction by which contesting heirs not named in the will were given a certain share in the estate, so that the record in the ancillary proceedings does not show any interest in such heirs, will not preclude a court of equity from fastening a lien upon their interest in the assets within the ancillary jurisdiction; the objection being one of form only, which such court will disregard.

In Equity. On final hearing.

Hollis R. Bailey, E. N. Harwood, and John H. Hazelton, for complainant.

Louis D. Brandeis, for defendants Coram and Root.

Thaddeus D. Kenneson, for defendant Root.

F. N. Wier, for defendants Coram, Root, Cummings, and Palmer.

H. G. Allen, for defendants Davis and Leyson.

L. S. Dabney, for defendant Leyson.

Adler & Hall, for defendants Coram, Root, and Palmer.

PUTNAM, Circuit Judge. This case was heard on demurrers which were disposed of by an opinion passed down on December 30, 1903 (127 Fed. 418), accompanied with an order which directed that on final decree the bill should be dismissed as to certain parties respondent, and which determined all the other issues in favor of the complainant. It was again heard on motion for interlocutory injunction, and an opinion passed down on August 15, 1904. 132 Fed. 168. The case has now been heard on bill, answer, and proofs. The substantial conditions on the present hearing are so little changed from what they were at the hearing on the demurrers, and the order on the demurrers so far disposed of the issues in the case, that we have occasion to discuss only a very few topics. Some propositions were argued somewhat more fully by the respondents than when the case was submitted on the demurrers; but, with the following exceptions, we do not think it advantageous to attempt to review the questions which we then disposed of.

The respondents especially urge on us that the remedy must be limited to assets which are localized within this district by the proceedings in the probate court for Suffolk county, in Massachusetts, all of which were intended to be described in the decree for an interlocutory injunction which was entered on the 6th day of September, 1904. As this proceeding is under section 738 of the Revised Statutes, and can only be sustained in that aspect, it is very plain that the position of the respondents in this respect is correct, and the decree to be entered hereon must be framed accordingly, subject only to the necessity of entering personal judgments to which the liens asserted herein are incidental.

The respondents also claim that John A. Davis, who was the principal legatee in the will of Andrew J. Davis as the same was offered for probate, has deceased, and that no person has been appointed by the probate court within this jurisdiction as the legal

representative of his estate, so that, therefore, there is an inevitable lack of necessary parties on the present bill. Under the circumstances of the case, however, John A. Davis, or his estate, stands, so far as these proceedings are concerned, in the same position as Mrs. Ellen S. Cornue, as explained in our opinion passed down on December 30, 1903, already referred to. If any representative of the estate of John A. Davis had been joined as a respondent in this bill, he would necessarily be dismissed therefrom, so that the proposition of the respondents in this particular is wholly ineffectual.

The respondents urge again on us the fact that the probate court for the county of Suffolk formally probated the will of Andrew J. Davis as a will, so that, whatever the nature of the proceedings in Montana may be, the relations in the state of Massachusetts are those of legatees; and, also, so that, according to the probate records of Massachusetts, the estate of John A. Davis as principal legatee represents, and must be the sole representative of, all the interests sought to be reached by this bill. It is, therefore, maintained that, on a distribution made by that probate court, no apparent interest would be vested in any of the present respondents. This, however, is all a matter of form, with which equity does not seriously trouble itself. It may be that, inasmuch as the probate proceedings in Massachusetts are purely ancillary, and so appear on their face when taken altogether, the probate tribunals in that state will regard the proceedings in Montana as dominant, and make decrees of distribution accordingly, if they order distribution. Of course, we do not presume to undertake to determine what they ought to do in this respect, nor do we know what they ought to do; but, again, whatever may be the result of their proceedings in distribution, and whosoever may be regarded by them as the proper nominal distributees, such result involves a mere question of form so far as we are concerned. Our only duty is to reach the beneficial interests as they must finally rest.

It is now urged on us for the first time that the agreement made with Mr. Ingersoll, which forms the basis of this bill, created no lien, either legal, equitable, or statutory. We determined on the demurrers that there is no statutory lien. The respondents now press on us that the words in the agreement of August 17, 1891, as follows: "In no event is the said J. A. Coram obligated, except to pay such fee out of the funds secured from the estate of J. A. Davis, deceased," etc.—created no legal or equitable lien; and they cite several authoritative decisions which they maintain sustain that proposition. We came to a different conclusion on the determination of the demurrers, and remain of the same opinion. Whether or not a particular agreement creates a lien is a matter of construction. In this case, the fact that there was no primary personal responsibility on J. A. Coram especially serves to stamp the agreement in issue as declaring a purpose to create a lien. Therefore, on the whole, we hold that, on this final hearing on bill, answer and proofs, the bill must be sustained.

Consequently there will be a decree for the complainant, which will provide as follows:

First. It will direct that the bill be dismissed, with costs, as against the parties as to whom the order on the demurrers determined that it should be dismissed.

Second. The decree will declare the amount remaining due to the estate of Robert G. Ingersoll according to the agreement of August 17, 1891, with interest to be computed on the balance at 6 per cent. per annum, simple interest, from the time the compromise agreement described in our former opinions became finally effective as a judgment of the courts of the state of Montana, such interest to be included with the balance remaining unpaid on the principal, making a total amount, with a further declaration that such total amount carries interest at the rate of 6 per cent. per annum, simple interest, from the entry of the decree herein.

Third. It will declare a personal judgment against Henry A. Root for the amount so determined, to be executed against him, so far as the same is not liquidated, from the interests subject to the complainant's lien.

Fourth. It will make perpetual the interlocutory injunction granted on September 6, 1904, so far as the same is applicable to the final decree.

Fifth. It will declare that nothing in the decree is intended to contravene, or shall contravene, any action of any probate tribunal in Massachusetts with reference to distribution, or to any order or judgment remitting to the courts of the domicile.

Sixth. It will declare a lien or liens in favor of the complainant for the total amount remaining due as stated, with interest thereon from the entry of the decree as stated, on the several interests which this opinion, as interpreted in connection with our former opinions, finds to be subject thereto; and in this respect it shall state in detail and clearly the property within this jurisdiction which, according to said opinions, is subject to such decree, and describe specifically the separate portions thereof subject thereto, and by whom each of the same was originally owned or possessed, and by whom each is at the entry of the decree owned or possessed.

Seventh. It will declare that such lien attaches, and shall attach, to each of said several interests and the proceeds of each, by whomsoever received and into whosesoever hands the same may come, whether the same are received by virtue of any order, judgment, or decree of any probate tribunal or other tribunal within the commonwealth of Massachusetts, or within the state of Montana, or elsewhere.

Eighth. It will provide distinctly and in detail for marshaling as between all of said shares and interests, and between all parties respondent in this bill who are not dismissed therefrom, and especially with reference to said Henry A. Root and Joseph A. Coram, and each of them; but it shall be declared that all of said shares and interests are jointly and severally liable, so that any marshaling shall not prejudice the complainant.

Ninth. It will provide for personal judgment against said Joseph A. Coram so far as he has received, or may receive, the proceeds of the shares of the assets within this jurisdiction pertaining

originally to Maria Cummings, Lizzie S. Ladd, M. Louise Dunbar, Ellen S. Cornue, or Henry A. Root, as stated in said agreement of August 17, 1891, except so far as he may be relieved by a marshaling to be provided for as already stated.

Tenth. It may, if necessary, provide for such process or supplemental proceedings as may be required on the entry of said decree, or from time to time thereafter, to secure the proceeds of said shares or interests, or either of them, subject to the marshaling as already stated, and the application of said shares or interests, or either of them, or proceeds thereof, to the extinguishment of the amount remaining due to the estate of Robert G. Ingersoll at the entry of this decree, with interest thereon, all as already stated.

Eleventh. It will provide for the recovery of a single bill of costs by the complainant against Henry A. Root and Joseph A. Coram.

Let the complainant file a draft decree, in accordance with our opinion passed down this day, on or before the 4th day of April next, the respondents to file corrections thereof on or before the 18th day of April next, all in accordance with rule 21.