CORNUE v. INGERSOLL et al.

CUMMINGS v. SAME.

(Circuit Court, D. Massachusetts. November 17, 1909.)

Nos. 582, 583.

1. REMOVAL OF CAUSES (§ 23*)—FEDERAL QUESTION.

Suits in equity in a state court, the effect of which, as disclosed on the face of the bills, are to delay and obstruct, and perhaps defeat, the enforcement of a judgment of a federal court, are removable, as involving a federal question.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 23.*]

2. REMOVAL OF CAUSES (§ 108*)—DISMISSAL OF CAUSE.

A Circuit Court of the United States, after refusing to remand a suit brought in the state court, the effect of which would be to delay and obstruct, and perhaps defeat, the enforcement of a judgment already rendered in the Circuit Court, may summarily dismiss the same, with costs, as frivolous and vexatious. O'Connell v. Mason, 132 Fed. 245, 247, 65 C. C. A. 541, applied.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 108.*]

In Equity. Suits by Ellen S. Cornue and by Herbert P. Cummings, executor, respectively, against Eva A. Ingersoll, executrix, and others. On motions to remand to state court. Motions denied, and bills dismissed.

Brandeis, Dunbar & Nutter, for complainants.

E. N. Harwood, Hollis R. Bailey, and Horace G. Allen, for defendants.

PUTNAM, Circuit Judge. The above cases came before us on motions to remand to the state court. On hearing the motions we denied them. We also entered summary decrees dismissing each bill with costs, but without prejudice to any questions arising between the parties interested in the estate of Andrew J. Davis, deceased, after the decree in Ingersoll v. Coram, entered by this court, has been fully performed. These orders and decrees were entered with an oral expression of our views in reference to them; but, inasmuch as the complainants in each of those cases have signified to us an intention to take an appeal to the Circuit Court of Appeals, we now deem it proper to file this brief statement of the oral views thus expressed.

We sufficiently identified the proceedings in Ingersoll v. Coram by a reference to the mandate from the Supreme Court in that case, which was filed in this court on January 25, 1909, pursuant to which mandate final disposition of Ingersoll v. Coram was made by this court. That mandate established the judgment of this court in favor of Ingersoll, administratrix, with a modification which appears therein, and which need not be stated particularly in this rescript. See Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208.

The bill in equity in the foregoing cases described quite fully the proceedings in Ingersoll v. Coram and the result in this court as we have stated it. The view we took of each of those bills was that on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their face they not only set out the proceedings in Ingersoll v. Coram and the final judgment therein, but also on their face operated to delay, embarrass, and, perhaps, to some extent defeat, the appropriate execution of our judgment in accordance with the mandate to which we have referred; and we were of the opinion that it appeared on the face of each of those bills that such was the purpose of each of them. At any rate, we were of the opinion that they did so operate as a matter of fact, and that on their face they set out sufficient to establish that they operated in the manner we have said, and that, therefore, on their face each raises such a federal question as justified removal to this court. We were also of the opinion that, as they were at least by implication of law contemptuous in their nature, we were justified in taking and maintaining jurisdiction over the same even in a summary manner. Therefore we refused each motion to remand.

Also we were of the opinion, by reason of the operation of each with reference to the judgment of this court, especially with reference to the mandate from the Supreme Court, and from their contemptuous nature in implication of law, that the court in which the bill was originally filed had no jurisdiction over the subject-matter of either of them, and that, therefore, each bill should be dismissed. Moreover, in order to prevent their practical operation in delaying and embarrassing the execution of the judgment and mandate aforesaid, which would result if we permitted the litigation to be continued even in this court, we were of the opinion that the only remedy suitable under the circumstances was summary dismissal.

We were strengthened in our conclusions by the expressions found in the opinion of Judge Aldrich, passed down in behalf of the Circuit Court of Appeals in O'Connell v. Mason, on August 25, 1904, reported in 132 Fed. 245, 247, 65 C. C. A. 541, 543, where the following is found:

"We have no doubt of the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings, which, upon the face of the pleadings, present no cause of action recognized by the law. Unquestionably the power to dismiss exists quite independent of express statutory authority, and may be exercised in a proper case by the court of its own motion."

The clerk is directed to file this rescript in each of the above cases the day it is dated, adding also "nunc pro tunc as of the day when the motion to remand was denied and the bill was dismissed."