WHITE et al. v. KEOWN.

(District Court, D. Massachusetts. December 6, 1919.)

No. 907.

1. REMOVAL OF CAUSES ⬩�longdash⟩11—SUIT TO REMOVE ADMINISTRATOR NOT REMOVABLE.
   A suit in a state court for removal of an administrator *held* not removable, for want of jurisdiction of the federal court over the subject-matter.

2. REMOVAL OF CAUSES ⬩⟶70—WHAT DENIAL OF CIVIL RIGHTS WITHIN STATUTE.
   The provision of Judicial Code, § 31 (Comp. St. § 1013), for removal of causes by a person who is denied his rights in the courts of the state, has reference to the system of laws of the state, and not to discriminations or illegal acts not authorized by such laws.

In Equity. Suit by James White and others against James A, Keown. On motion to remand to state court. Motion granted.

Curtin, Poole & Allen, of Boston, Mass. (William F. Poole, of Boston, Mass., specially), for plaintiffs.
James A. Keown, of Lynn, Mass., pro se.

ALDRICH, District Judge. The motion to remand being grounded on want of jurisdiction over the subject-matter of the proceeding in the state court, I see no substantial reason for considering any of the questions as to the right to appear, or as to the seasonableness

⬩⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the petition for removal, which were discussed, because no court would proceed with a case, however or when want of jurisdiction is discovered, only in the very exceptional situations in which jurisdiction may be conferred by waiver of the parties; and this is not such a case.

[1] The proceeding in the state court was to remove an administrator. Such a proceeding is plainly local, in the sense that it is one for the state court.

According to Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, an administrator appointed by a state court is an officer of that court, and, as such, cannot be disturbed by process issued from a subordinate federal court, and, reasoning upon the well-understood theory that the jurisdiction of federal courts of first instance is a limited jurisdiction, depending upon the existence of federal questions and statutes in respect to diverse citizenship, it is there said that, where these elements of jurisdiction are wanting, the federal courts cannot proceed, even with the consent of the parties.

In Ex parte Wisner, 203 U. S. 499, 27 Sup. Ct. 150, 51 L. Ed. 264, after explaining that the jurisdiction of the Circuit Court, which is now the District Court, depends upon acts of Congress, and cannot be extended beyond what is conferred, and that the Supreme Court of the United States alone possesses the broader jurisdiction derived immediately from the Constitution, it is said, in effect, that the test as to the jurisdiction of the subordinate federal courts under the removal provisions of the statutes is whether suit could have been originally brought therein, and, if not, that the case cannot be removed from the state court.

Applying such test to the present situation, and assuming that diverse citizenship exists, it is not a removable case on the ground of diverse citizenship, because the subject-matter involved in the proceeding in the state court, to remove the administrator, is not subject-matter over which there is jurisdiction in the subordinate federal courts. The exceptional instances, in diverse citizenship situations, where suits have been sustained in federal courts of first instance against local administrators to compel the payment of debts, suits to establish lost wills, suits to recover a particular legacy, bills in equity to annul wills as muniments of title, suits to establish debts against estates, proceedings in equity to establish liens upon undivided shares of heirs at law (the Ingersoll Case [C. C.] 127 Fed. 418; Id. [C. C.] 132 Fed. 168; Id., 133 Fed. 226, 66 C. C. A. 280; Id. [C. C.] 136 Fed. 689; Id., 148 Fed. 169, 178, 78 C. C. A. 303; Id., 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208; Id. [C. C.] 174 Fed. 666; Id., 176 Fed. 194, 99 C. C. A. 548), and the like, have no pertinent application to a proceeding in a state probate court to remove an administrator, a proceeding which, in a broad and peculiar sense, relates to original and exclusive jurisdiction of probate courts in respect to the administration and settlement of estates in which many and diversified interests are necessarily involved.

[2] But the petitioner has what he claims to be a broader ground—that of the civil or equal rights guaranty vouchsafed by the federal

Constitution and an act of Congress. Section 641, Rev. Stat.; Section 31, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1096 [Comp. St. § 1013]). And he says in effect that he is not being treated fairly or reasonably by the state judges, and that wrong decisions have been made against him in the state court proceedings. He does not allege lack of due process, or that there is anything in the Massachusetts Constitution or the system of laws thereunder which denies to him, or to anybody, civil or equal rights, or which justifies proceedings which have rendered his trial unfair or prejudicial; but he does say, in effect, that he is discriminated against by the judges, and that he is not patiently and fully heard, and that the judicial and administrative acts of the judges and other state officials are such that he is denied his reasonable and essential rights.

As to such a ground as justifying federal interference, the Supreme Court has said, in effect, in Kentucky v. Powers, 201 U. S. 1, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692, a case which plainly involved substantial denial of justice, that the constitutional provision and the act of Congress, upon which the petitioner relies, have reference to a system of laws which impose restraint upon civil rights and equal protection, and that alleged discriminations and illegal acts, or even corrupt acts, not authorized by a state's system of laws, do not make a given case removable to federal courts of first instance, and that the remedy for wrongs of that character is to prosecute the case to the highest court of the state, with the right ultimately of prosecution by writ of error in the Supreme Court of the United States, a court of broader constitutional power.

It is quite unnecessary to say that the reasoning of Kentucky v. Powers, and of prior cases approvingly adopted by the Supreme Court, is altogether conclusive against any right of removal upon the ground claimed and against any authority in this court to hold jurisdiction. The remedy for such a grievance is plainly in the Supreme Court, where it may safely be assumed that if a federal question of merit is presented it will be fairly considered.

The cause is remanded to the court from whence it was removed.