812

## LAMSON v. SUPERIOR COURT OF STATE OF CALIFORNIA IN AND FOR SANTA CLARA COUNTY et al.
### No. 3942–L.

District Court, N. D. California, S. D.
Oct. 27, 1935.

See, also, People of State of California v. Lamson (D.C.) 12 F.Supp. 813, (C.C.A.) 80 F.(2d) 388.

Leo R. Friedman, of San Francisco, Cal., and E. M. Rea, of San Jose, Cal., for petitioner.

LOUDERBACK, District Judge.

The court appreciates the fact that this application involves an issue in a case in which the life of an individual is at stake. It is only after a most careful consideration of all the issues raised by the petition that the court comes to the following conclusions:

The petitioner filed the complaint herein, seeking an injunction or temporary restraining order directed against the defendant trial court; and the judge thereof, from proceeding with a trial in which the complainant is the defendant. This application precedes the determination of the issues raised in the removal proceedings, heretofore filed by the petitioner. The petitioner alleges in the complaint on file in the above case that, despite the filing of such removal petition, the defendants threaten and intend to proceed with the trial of the case in the state court.

Section 74, title 28, U.S.C.A., provides: "When any civil suit or criminal prosecution is commenced in any State court, for any cause whatsoever, against any person who is denied or cannot enforce in the judicial tribunals of the State, or in the part of the State where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States * * * such suit or prosecution may, upon the petition of such defendant, filed in said State court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial into the next district court to be held in the district where it is pending."

■■■ There is no uncertainty that, if the petition for removal sets forth a proper ground for removal, this court has the right to assume jurisdiction to protect such jurisdiction, by injunctive relief; for, if a case be a removable one, that is, if the suit, in its facts, be one of which this court can take jurisdiction, then upon filing of the petition for removal the case is, in law, removed. Atchison, T. & S. F. R. Co. v. Smith et al., 47 F.(2d) 223 (C.C. A. 9); Ex parte Wells et al., Fed.Cas. No. 17,386.

The application therefore requires a ruling upon the sufficiency of the petition filed for removal, for an inspection is essential to determine whether it contained allegations sufficient to authorize a transfer.

The petition sets forth two grounds for removal:

1. Local prejudice.

2. Denial of civil rights as set forth in the above section 74, because the Penal Code of the State of California, relative to the qualification of jurors, does not set forth as a ground of challenge or excuse for cause the ground that a prospective "juror has been called, examined and excused—either by challenge for cause, per-

emptory challenge or otherwise—at a prior trial of said defendant for the same alleged offense."

It has been held, in an application under 1, that local prejudice is not ground for removal of the case to the federal court, under the provisions of said section. Snypp v. State of Ohio (C.C.A.) 70 F.(2d) 535; Ex parte Wells et al., Fed. Cas. No. 17,386.

As to point 2, it does not appear to the court from the petition, the authorities presented by the petitioner, or from any case reviewed by the court, that the petition for removal sets forth facts which would warrant the court in granting the relief here prayed.

Nor does this holding deprive the accused of an opportunity to have his rights, of whatever nature, which are secured or guaranteed to him by the Constitution or laws of the United States, fully protected by a federal court, upon appeal to the United States Supreme Court from the state court, after trial. A determination of a federal court upon a hearing in the removal proceedings itself has not been made.