**Petition of George HAGEWOOD.
Civ. A. No. 21975.**

United States District Court
E. D. Michigan, S. D.

Dec. 26, 1961.

---

George Hagewood, in pro. per.

Paul L. Adams, Atty. Gen., by Perry A. Maynard, Asst. Atty. Gen., for State of Michigan.

McCREE, District Judge.

Petitioner, an inmate of the State Prison for Southern Michigan, serving a sentence for armed robbery and now awaiting trial in the Jackson County Circuit Court on charges of prison break [1] and habitual crime [2], has applied for leave to file in forma pauperis a petition to remove the criminal proceedings to this court. The petition sets forth a number of alleged defects in the pre-trial proceedings in the state court. It is charged that petitioner was placed in solitary confinement for fifteen days following apprehension after his alleged escape; that the complaint upon which a warrant issued was not executed by one who had personal knowledge of the offense; that the testimony of the state's witnesses at

---

1. Mich.Stats.Ann. § 28.390, Comp.Laws 1948, § 750.193.

2. Mich.Stats.Ann. § 28.1084, Comp.Laws 1948, § 769.12.

the preliminary examination did not support the magistrate's finding of probable cause; that the information filed by the prosecutor was deficient in that it did not set forth the statutory citations of the offenses charged; that the portion of the information charging petitioner as an habitual offender erroneously alleged his conviction on the pending charge of prison break; that petitioner was required to enter a plea without being given an opportunity to read the information; that the habitual criminal statute is not uniformly enforced by the local prosecutor; that the prosecutor attempted to coerce petitioner to plead guilty by threatening that the maximum punishment would be imposed if he did not so plead; that petitioner was not furnished a free copy of the transcript of the preliminary examination upon request; that local prejudice exists in prison break cases, and that the trial judge is biased in favor of prison officials.

The Michigan Attorney General moved to dismiss the petition on the basis that it lacks merit and is untimely.

We agree that the petition fails to state grounds for removal of the cause to the United States District Court. Title 28, section 1443 of the United States Code, provides in pertinent part:

> "Any of the following * * * criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof * * *."

Petitioner contends that the various matters of which he complains constitute violations of Michigan law as well as infringements of his rights under the United States Constitution. Assuming, without deciding, the truth of such con-tention, the petition on its face fails to meet the requirements of the removal statute.

The Court of Appeals for this circuit has said, in Hull v. Jackson County Circuit Court, 138 F.2d 820, 821 (6th Cir. 1943):

> "The removal of a criminal prosecution or a civil cause under the statute in question because of the denial of a civil right or the enforcement of such a right must arise out of the destruction of such right by the constitution or statutory laws of the state wherein the action is pending. The statute does not justify federal interference where a party is deprived of any civil right by reason of discrimination or illegal acts of individuals or judicial or administrative officers. If the alleged wrongs are committed by officers or individuals the remedy is the prosecution of the case to the highest court of the state and then to the Supreme Court of the United States as the laws of the United States authorize."

▮ Unless some substantive or procedural rule of state law, as distinguished from the action of officials in disregard of state law, deprives a defendant of equal civil rights, the removal statute does not authorize the transfer of a criminal case to the federal court. See 76 C.J.S. Removal of Causes § 94.

We have no difficulty in perceiving the reasons which caused Congress to place such limitations upon removal. It is a fair presumption that a state trial court will adhere to the laws of the state. If such laws comport with the constitutional guarantees of equal civil rights, there is no practical reason for the federal court to displace local judicial processes. On the other hand, if the state law itself would deprive a defendant of equal civil rights, the local court's fidelity to state law serves as reason to remove the trial of the cause to federal court. In such cases, removal lifts from the defendant the burden of challenging the state law

through the appellate process and, if successful, having to submit to a second trial.

Since petitioner herein does not allege that any law of Michigan denies him equal rights, but rather urges that the state law itself has been violated, it follows that removal of the case to the United States District Court would be improper.

It is hereby ordered that the application for leave to proceed in forma pauperis be denied and the petition for removal be dismissed.