CITY OF BIRMINGHAM, ALABAMA, Plaintiff,

v.

Henry CROSKEY et al., Defendants.

No. CR-63-143.

United States District Court
N. D. Alabama, S. D.
April 23, 1963.

J. M. Breckenridge, Atty. for City of Birmingham, Birmingham, Ala., for plaintiff.

Orzell Billingsley, Jr., Arthur D. Shores, Birmingham, Ala., William M. Kunstler, New York City, for defendants.

ALLGOOD, District Judge.

This cause, coming on to be heard on April 23, 1963, was submitted to this Court on the motion of the City of Birmingham to remand the action to the Recorder's Court of the City of Birmingham, Alabama. The matter was heard and considered on oral argument of counsel for the respective parties and the pleadings.

The respondents to the motion of the City were arrested by the City police and charged with violating some or all of the following sections of the General City Code of Birmingham, Alabama: Sections 1159, 1436, 1442 F, 1231, 311, 1156, 1663 F, 825 and 856.

The respondents were to stand trial for the aforementioned offenses in Recorder's Court of the City of Birmingham. Respondents, however, by way of verified petition filed in this Court, have effected a removal of the case from Recorder's Court to this Court pursuant to the provisions of Sections 1443 et seq., Title 28 U.S.C.

The question that is raised by the motion of the City to have the case remanded to the Recorder's Court is whether it appears to this Court upon the face of the petition that the case has been improperly removed to this Court. Section 1447, Title 28 U.S.C.A.; Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132; Travelers' Protective Ass'n of America v. Smith, (C.A. 4th, 1934), 71 F.2d 511.

The conclusion is that the motion of the City to have the case remanded is due to be granted.

It was alleged in the petition for removal that the case was due to be removed to this Court for the following reasons:

(1) The ordinances under which petitioners are charged, as applied to petitioners, violate certain of their rights guaranteed by certain provisions of the Constitution of the United States.

(2) The jury system of the State of Alabama, by which petitioners would ultimately be tried, violates the due

**950**

process clause of the Fourteenth Amendment to the Constitution of the United States, because Negroes are systematically excluded therefrom.

(3) The anticipated trials of petitioners in the segregated system of justice prevailing in the State of Alabama, violates the due process clauses and equal protection clause of the Constitution of the United States.

(4) The petitioners will be deprived of the right to an impartial trial as guaranteed by the due process clause of the Fourteenth Amendment to the Constitution of the United States, because of the prejudicial atmosphere created by newspaper publicity and the acts and public statements of various public officials of the City of Birmingham.

(5) The ordinances under which petitioners are charged, as applied to petitioners, are vague and indefinite and have no ascertainable standard of guilt, and thus deprive petitioners of due process of law under the Fourteenth Amendment to the Constitution of the United States.

(6) The aforementioned ordinances do not relate to acts done by petitioners and convictions thereunder would be convictions without evidence of guilt in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

(7) The maintenance by the State of Alabama and the City of Birmingham—on both official and unofficial bases—of the policy, practices, custom and usage of depriving Negro citizens of equal rights under law violates Section 1981, Title 42 U.S.C., and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

(8) Limitations upon the rights of Negroes to vote in Alabama would require the reversal of any conviction before an elected State Court as violative of the Fourteenth Amendment to the Constitution of the United States.

(9) The maintenance by the State of Alabama on both an official and unofficial basis of a system of laws calculated and intended to separate the Caucasian and Negro races in every aspect of life will make the enforcement of petitioners' constitutional rights impossible in the State courts.

As will become readily apparent, the foregoing allegations are insufficient to justify the removal of the case to this Court.

### Reasons

The removal statute (Section 1443, Title 28 U.S.C.A.) under which the case was removed to this Court, is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, (1941). Generally, it has been said that, before the denial of civil rights will justify a removal to Federal Court, the denial of such rights must be primarily, if not exclusively, a denial of such rights, or an inability to enforce them, resulting from the constitution or laws of the State. Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1879); Rand v. State of Arkansas, D. C., 191 F.Supp. 20 (1961). Alleged discriminations and illegal acts, not authorized by a State's system of laws, do not make a case removable to Federal Court; because the remedy for these wrongs is through the State courts, with the right ultimately to present the matter by writ of error to the Supreme Court of the United States. White v. Keown, (D.C., Mass., 1919), 261 F. 814. It is only where State legislation exists, interfering with the person's right of defense, that such person can have the cause removed. State of New Jersey v. Weinberger, (D.C., N.J., 1930), 38 F.2d 298. A case may not be transferred unless some substantive or procedural rule of State law, as distinguished from action of officials in disregard of State law, deprives a defendant of equal civil rights. In Re Hagewood's Petition, (D.C., Mich., 1961), 200 F.Supp. 140.

Considered in the light of the aforementioned authority, the petition for removal to this Court does not allege facts sufficient to justify the removal that.

has been granted. Specifically, *ground one*, heretofore described, is insufficient, because the attack in that ground is upon the *application* of the ordinances to these petitioners and not upon the ordinances. Unconstitutional maladministration of a State law is not a ground which will justify a removal to Federal Court. State of La. v. Murphy, (D.C., La., 1959), 173 F.Supp. 782.

█ *Ground two* of the petition is insufficient, because the alleged exclusion of Negroes from jury service is not authorized, if at all, by State law. See, Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896); Williams v. Mississippi, 170 U.S. 213, 18 S.Ct. 583, 42 L.Ed. 1012 (1898).

█ *Ground three* is insufficient, because there is no "segregated system of justice", in the State of Alabama that is either authorized under State law or otherwise.

█ *Ground four* is insufficient, because it is well established that complaints of conspiracy, or prejudice, or adverse publicity, or all of them, cannot avail as grounds for removal of a criminal prosecution from State to Federal court. Ex parte Wells, Fed.Cas.No. 17,-386; Lamson v. Superior Court of State of California in and for Santa Clara County, et al., (D.C., Calif., 1935), 12 F.Supp. 812; State of California v. Chue Fan, (C.Ct., Calif., 1890), 42 F. 865; State v. Bobb, 138 Me. 242, 25 A.2d 229.

█ *Ground five* is insufficient for the reasons given concerning the insufficiency of ground one.

█ *Ground six* is insufficient, because it concerns a matter of defense to be raised at the trial of the defendants; it is, in effect, a plea of not guilty, which should be raised in Recorder's Court of the City of Birmingham. Furthermore, ground six applies to the application of the ordinances and not to the ordinances.

█ *Ground seven* is insufficient because it is not alleged that such practices,

etc., if they exist at all, are maintained under State law. It has been held that— when the constitution and laws of a State, as interpreted by its highest judicial tribunal, do not stand in the way of enforcement of rights secured equally to all citizens of the United States—the possibility that, during the trial of the particular case, the State courts may not respect and enforce the right to equal protection of the laws constitutes no ground for removal. Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896); Williams v. Mississippi, 170 U.S. 213, 18 S.Ct. 583, 42 L.Ed. 1012 (1898).

█ *Ground eight* is insufficient, because there are no State laws which limit the right of Negroes (because of their race) to vote in Alabama.

█ *Ground nine* is insufficient because there are no State laws in Alabama, that have been pointed out to this Court, that would prevent these defendants from getting a fair and impartial trial in the courts of the State of Alabama. If any such laws exist in the State of Alabama, they were not set forth in the petition for removal. The burden is not on this Court to examine every law of the State of Alabama to see if such laws exist. See, Moore's Federal Practice, Vol. I A, p. 1201.

It is, thus, apparent that the above-styled case was improperly removed to this Court. It is, therefore, the duty of this Court to remand the case to Recorder's Court of the City of Birmingham, Section 1447, Title 28 U.S.C.A. The defendants named in the above-styled case are hereby required to appear in said Recorder's Court on the 1st day of May, 1963, and from day to day thereafter as may be ordered by said Recorder's Court.

It is, therefore, ordered, adjudged and decreed that the above-styled case be, and it is hereby remanded to Recorder's Court of the City of Birmingham, Alabama.