Mildred ANDERSON et al.
v.
The STATE OF TENNESSEE.
Aimee HORTON
v.
CITY OF MARYVILLE.
Civ. A. No. 4774.

United States District Court
E. D. Tennessee, N. D.
Sept. 4, 1963.

Edward D. Lynch, Maryville, Tenn., for plaintiffs.

Robert J. Bird, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

Petitioners, Mildred Anderson, Barbara Craig, Juliet Kepes, Robert L. Gustafson, Mary E. Gustafson, Jose Liege, Robert L. Seals and Aimee Horton, have filed a petition to remove to this Court under the provisions of Title 28 U.S.C. § 1443(1) a case pending against them in the Municipal Court of Maryville or the Criminal Court of Blount County, Tennessee. This section provides that civil actions or criminal prosecutions commenced in a state court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending by any person "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States * * *."

Petitioners claim that they were denied their constitutional rights because of alleged local and racial prejudice against them. Local prejudice is not a ground for removal. Lamson v. Superior Court of State of California in and for Santa Clara County et al. (D.C.N.D.Cal. 1935), 12 F.Supp. 812; Snypp v. State of Ohio (C.A.6, 1934), 70 F.2d 535.

There is no right of removal of a trial from a state court to a federal court where the alleged discrimination against the accused with respect to his civil rights results merely from alleged illegal acts of city and county officers unauthorized by the Constitution or the laws of the state as interpreted by the highest court of the state in which the

alleged illegal acts took place. The remedy for wrongs of that character is in the state courts and ultimately in the Supreme Court of the United States to protect any right secured to the accused by the Constitution or the laws of the United States which has been denied him in the highest court of the state in which the decision is made. Kentucky v. Powers, 201 U.S. 1, 30–32, 35, 26 S.Ct. 387, 50 L.Ed. 633 et seq.; White et al v. Keown (D.C.D.Mass.1919), 261 F. 814.

■ The substantive or procedural law of the state in which the criminal case is pending must deprive a defendant of equal rights before the case can be removed to a federal court. Irregular acts of state officials in disregard of state laws is not sufficient for removal. In re Hagewood's Petition (D.C.E.D. Mich.1961), 200 F.Supp. 140 et seq.

Our Sixth Circuit, in construing the predecessor to the present removal statute, said in part as follows:

"The removal of a criminal prosecution or a civil cause under the statute in question because of the denial of a civil right or the enforcement of such a right must arise out of the destruction of such right by the constitution or statutory laws of the state wherein the action is pending. *The statute does not justify federal interference where a party is deprived of any civil right by reason of discrimination or illegal acts of individuals or judicial or administrative officers. If the alleged wrongs are committed by officers or individuals the remedy is the prosecution of the case to the highest court of the state and then to the Supreme Court of the United States as the laws of the United States authorize.* (Citing cases.)" (Emphasis added.) Hull v. Jackson County Circuit Court (C.A.6, 1943), 138 F.2d 820.

■ The alleged misconstruction and oppressive application of a city ordinance by a city official does not justify removal.

The Court, therefore, concludes that the petition for removal must be denied.