MARISA CHRISTINA, INC., Plaintiff,

v.

Diane FREIS and Barinda Holding, N.V., Defendants.

No. 86 Civ. 7325 (DNE).

United States District Court, S.D. New York.

Oct. 31, 1986.

Richard Wasserman and Janice C. Berman, Zavin Sinnreich & Wasserman, New York City, for defendants.

Brett J. Meyer, Kreindler & Relkin, P.C., New York City, for plaintiff.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Plaintiff, Marisa Christina, Inc., seeks a preliminary injunction enjoining defendants, Diane Freis and Barinda Holding, N.V., from acting in derogation of the licensing agreement and specifically from violating the provision of the licensing agreement which restricts her from selling the licensed items in the territory covered by the agreement during the term of the agreement and two years thereafter. The court declines to grant such relief.

Plaintiff was granted by the defendants an exclusive license to use the trademark "Diane Freis" in connection with the manufacture, sale and distribution of certain knitwear in the United States and related territories. Claiming that plaintiff breached the terms of the license agreement, defendants sought to terminate the license. The instant petition for relief was brought in opposition to this action.

Plaintiff has stated that "a preliminary injunction will issue upon: '... A clear showing of either (1) probable success on the merits and possible irreparable injury, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" (plaintiffs memorandum in support of motion for preliminary injunction, p5) This is a misstatement of the law. In this circuit, the standard for the issuance of a preliminary injunction is a showing of (a) irreparable harm *and* (b) either (1) likelihood of success on the merits or (2) sufficiently serious question going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary injunctive relief. *Kaplan v. Board of Education,* 759 F.2d 256, 259 (2d Cir.1985); *accord Pat-*

*chogue Nursing Center v. Bowen,* 797 F.2d 1137, 1141, (2d Cir.1986).

▪ Plaintiff claims irreparable injury in that it will lose a market and the good will it built during the life of the licensing agreement. The court, however, declines to find that this constitutes irreparable injury. In a deposition, the president of the plaintiff corporation stated that any injuries stemming from the termination of the licensing agreement could be readily quantified in terms of money damages. (Lerner Dep. p 88–89) The Second Circuit has defined irreparable injury thusly: "irreparable injury means injury for which a monetary award cannot be adequate compensation and that where money damages is adequate compensation a preliminary injunction will not issue." *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam).

Plaintiff cites one Second Circuit precedent for the proposition that the termination of a licensing agreement constitutes irreparable injury. In that case, *Maison Dorin S.A. v. Arnold,* 296 F. 387 (2d Cir. 1924), however, the business relationship was of 40 years duration. In the instant case, the relationship was approximately one year old. Furthermore, unlike the *Maison Dorin* agreement, which was of unlimited duration, the agreement in the instant case had a maximum duration of two years.

Another factor indicating the lack of irreparable injury is the fact that plaintiff has already reached a licensing agreement with another designer—Sinthia Szato. The president of the plaintiff corporation stated in a deposition that the Szato line has the potential to be as profitable as the Freis line of clothing. (Lerner Dep. p 122–3) Thus, it appears that the plaintiff can readily carry-on its business without continuing its relationship with the defendants.

▪ Even if the plaintiff had succeeded in demonstrating irreparable injury, it does not follow that it is entitled to a preliminary injunction. The plaintiff must also demonstrate either:

1) likelihood of success on the merits, or

2) serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the party seeking the preliminary injunction.

It is not clear that plaintiff fulfilled either of these criteria. Plaintiff may not prevail on the merits. Defendants have claimed that plaintiff has materially breached the licensing agreement. The plaintiff has admitted certain deviations from the strict terms of the agreement. At trial, plaintiff could be found in material breach of the agreement.

▪ Furthermore, it is not entirely clear that the balance of hardships favors the plaintiff. To enjoin the defendants from acting in derogation of the agreement would oblige that party to continue a business relationship with a corporation which defendants claim defrauded them. Additionally, defendants allege that the plaintiff is producing sub-standard material. Such allegedly defective goods are sold under the Diane Freis name. Defendants would seem to have an interest in protecting their business reputations.

▪ Plaintiff has also requested a preliminary injunction to enforce a provision of the licensing agreement which suggests that, upon the expiration or termination of the licensing agreement, Diane Freis cannot sell knitwear clothing under her own name in the relevant market for two years. As already stated, the court has not found any danger of irreparable injury in this case. Furthermore, it has been alleged that the plaintiff has materially breached the license agreement. A party to a contract cannot insist upon the enforcement of a contract when he himself has brought about its breach. NY Jur 2d *Contracts* Section 364. As the Second Circuit stated in *United States for Use of Susi Contracting Co. v. Zara Contracting Co.,* 146 F.2d 606, 610 (2d Cir.1944), "with the breach fall all other parts of the contract."

Even if there is a final determination that there has been no breach on the plain-

tiff's part, it is not clear that the restrictive covenant is enforceable. As the Second Circuit stated in *American Institute of Chemical Engineers v. Reber-Friel, Co.,* 682 F.2d 382 (2d Cir.1982), restrictive covenants are not readily enforced. Defendants argue that enforcement of the clause would make no commercial sense and would be contrary to public policy. If enforced, the clause would exclude both the plaintiff and the defendants from marketing Diane Freis knitwear for two years in the relevant market. Defendants claim that enforcement would merely serve to injure them while conferring no benefit on the plaintiff.

Accordingly, the court denies the plaintiff's request for a preliminary injunction.

SO ORDERED.