**WALT DISNEY PRODUCTIONS (Inc.) et al. v. SOUVAINE SELECTIVE PICTURES, Inc. et al.**

No. 105, Docket 22168.

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1951.

Decided Dec. 6, 1951.

---

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, James V. Hayes, Granville Whittlesey, Jr., Peyton H. Moss, all of New York City, Gunther R. Lessing, Burbank, Cal., J. Miller Walker and Franklin Waldheim, New York City, of counsel, for appellants.

Augenblick & Frost, New York City, Robert L. Augenblick, New York City, and Winston Frost, New York City, of counsel, for appellee Souvaine Selective Pictures, Inc.

Weisman, Celler, Quinn, Allan & Spett, New York City, Milton C. Weisman and Adolph Kaufman, New York City, of counsel, for appellees Picto Corp. and Harry A. Brandt.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The appellant Walt Disney Productions (Incorporated) is the producer and owner and appellant RKO-Radio Pictures, Inc. is the distributor of an animated cartoon picture entitled "Alice in Wonderland," based on Lewis Carroll's "Alice in Wonderland" and "Through the Looking Glass," which was produced in the United States at a cost of approximately $3,000,000. The appellee Souvaine Selective Pictures, Inc. is the distributor of another motion picture called "Alice in Wonderland," based entirely on Lewis Carroll's "Alice in Wonderland," which was produced in France by Lou Bunin Productions, Inc., contemporaneously with the Disney production, at an approximate cost of $1,000,000; its technique is the use of three-dimensional puppets for characters with a live Alice, and a twenty-minute prologue with live actors. Appellee Picto Corporation operates the Mayfair Theatre in New York City and has acquired the right from Souvaine to exhibit Bunin's "Alice in Wonderland" there. Appellee Brandt operates motion picture theatres in New York City and elsewhere and has acquired the right to exhibit that picture in such theatres. Jurisdiction is based upon diversity of citizenship.

Shortly before each picture was to be exhibited in New York City, the appellants, alleging unfair competition, sued the appellees in the District Court for the Southern District of New York to enjoin them and those acting for or through them, for a period of eighteen months, from "manufacturing prints, distributing, releasing, advertizing, publicly exhibiting, trading in or licensing or permitting others to do any of the foregoing as regards the motion picture "Alice in Wonderland" produced by Lou Bunin Products, Inc. so long as it bears that title or any adaptation, imitation or modification thereof." In addition to, and to follow this initial eighteen month period of restraint, a perpetual injunction of the same scope was sought restraining appellees unless all advertising, exhibition and announcement of the picture were accompanied by a statement that it was "A release of Souvaine Selective Pictures, Inc. produced in France by Lou Bunin Productions, Inc. having no connection with the Walt Disney production of the same title." There was also a prayer for an injunction *pendente lite* to the same effect and for damages and an accounting for any gains and profits made by the defendants. This appeal is from the denial, before either picture had been publicly exhibited in New York City, of the motion for an injunction *pendente lite*.

The appellants alleged that "Alice in Wonderland" had already acquired a secondary meaning to the effect that a motion picture having that title had been produced by Walt Disney Productions (Incorporated). This contention was supported somewhat by affidavits to which countervailing affidavits were filed by the appellees. The court denied the motion on the ground that the title to an old classic like "Alice in Wonderland," which is in the public domain, could not, as a matter of law, have the secondary meaning claimed for it.

Assuming, without deciding, that it might have been possible for the words "Alice in Wonderland" to acquire such a secondary

meaning as a matter of law, it is sufficient to dispose of this appeal to point out that there is nothing in this record to justify a finding that such a meaning had in fact been acquired at the time the preliminary injunction was denied, much less to have compelled one. Consequently, no abuse of discretion in denying the motion for the injunction *pendente lite* has been shown and, absent that, no error has been made to appear. Maison Dorin Societe Anonyme v. Arnold, 2 Cir., 296 F. 387; Federal Broadcasting System, Inc., v. American Broadcasting Co., 2 Cir., 167 F.2d 349.

Order affirmed.