**PACKAGED PROGRAMS, Inc.,**

v.

**WESTINGHOUSE BROADCASTING COMPANY, Inc.**

Civ. A. 15637.

United States District Court
W. D. Pennsylvania.

Sept. 6, 1957.

---

7. It appears in Judge Laub's opinion that he believed relator had dismissed Mr. Hosbach and substituted Mr. Juliante.

William Claney Smith, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

Plaintiff seeks injunctive relief and treble damages from the defendant. Its cause of action is founded upon the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. Defendant has moved to dismiss the complaint. The parties have been heard at argument and briefs have been filed and considered.

The plaintiff, Packaged Programs, Inc., is engaged in the business of producing and selling filmed television programs to advertisers for transmission over television in the Pittsburgh area and in interstate commerce into the States of Pennsylvania, Ohio and West Virginia.

The defendant, Westinghouse Broadcasting Company, Inc., owns station KDKA–TV in the City of Pittsburgh and broadcasts its programs over television channel No. 2.

The gist of plaintiff's claim for relief is set forth in paragraph 11 of the Complaint wherein it is averred that:

"The defendant, Westinghouse Broadcasting Company, Inc., through its agents, servants or employees, has conspired to and has restrained trade in violation of the Act of July 2, 1890, C. 647, § 1, 26 Stat. 209; as amended, July 7, 1955, C. 281, 69 Stat. 282, by refusing to transmit the program, "Pitt Parade," produced by the plaintiff, over its Pittsburgh Television Channel KDKA–TV, and acting in such a manner to restrain the production and sale of this program to advertisers for transmission over KDKA–TV in competition with programs produced by the defendant and by substituting at the same program time a program produced by the defendant, and by refusing to consider for news presentation other films produced by the plaintiff, Packaged Programs, Inc., resulting in damage and injury to the plaintiff, Packaged Programs, Inc., and a restraint of trade and commerce among the several States."

Plaintiff does not aver in its complaint that defendant is licensed under the Federal Communications Act, 47 U.S.C.A. § 151 et seq. However, it is noticed from the complaint that this necessarily must be so as defendant through KDKA–TV televises programs for advertisers which go out over its station into the States of Pennsylvania, Ohio and West Virginia. Plaintiff's position is that even though defendant is operating its television station under a federal license, nevertheless it is in violation of the anti-trust laws in refusing to accept plaintiff's programs from advertisers for transmission over the air. Plaintiff says that defendant through its station has enjoyed a monopoly through the transmission of advertising and programs for the Greater Pittsburgh area, which programs go into the said three states. Plaintiff in its complaint does not aver any agreement or contract with the defendant. At argument, however, it developed that in the past plaintiff's film, "Pitt Parade," was a regular pro-

gram feature of defendant's station and its predecessor in ownership.

It is noticed also in the complaint and it was stressed at argument, that plaintiff and defendant are in competition in the production of filmed television programs for sale to advertisers for presentation over television in the Pittsburgh and Tri-State area of Pennsylvania, Ohio and West Virginia. Plaintiff seems to make the point that because it is in competition with defendant in the production of filmed programs and because defendant has a television station, defendants must accept plaintiff's filmed programs from advertisers or from plaintiff. Plaintiff alleges, as set forth in paragraph 11, that the defendant's actions amount to a conspiracy to and has resulted in restraint in trade and violation of the Sherman Act by the substitution of its own programs for the films produced by the plaintiff. According to plaintiff, defendant, not by conspiracy or agreements with other broadcasting stations, but " * * * *through its agents, servants or employes, has monopolized and has attempted to monopolize trade and commerce among the several states in violation of the Act of July 2, 1890,* * * * by refusing to transmit the program, 'Pitt Parade,' over its Pittsburgh Television Channel KDKA–TV, * * * *." (Emphasis supplied.)

■ Plaintiff's counsel recognizes that defendant in the operation of its television station is subject to regulations by the Federal Communications Commission. Plaintiff, however, says that it is well recognized that an action for violation of the Sherman Act may be brought against a defendant whose activities are subject to such regulations. Two cases are cited: United States v. Western Union Telegraph Co., D.C., 53 F.Supp. 377 and Federal Broadcasting System v. American Broadcast Co., 2 Cir., 167 F.2d 349. In the latter case the action was against the four large radio chain broadcasting networks. A monopoly was alleged as a result of a conspiracy among the four networks.

It is noticed that Judge Hand said, at page 351:

" * * * However, each did this pursuant to the terms of its agreement, and it is clear that if these defendants really acted individually and not jointly they were within their rights. A network is not a common carrier and each therefore had the right in the absence of concerted action to make such contracts for the distribution of its programs as it chose."

■ It is apparent therefore that the latter case cited by plaintiff does not support the proposition for which it contends here. In fact, the reverse is true, as there is no allegation whatsoever that defendant acted with any other station but only with its agents, servants and employees. Whatever it did, therefore, was independent and clearly subject to the provisions of the Federal Communications Act. See Nelson Radio & Supply Co. v. Motorola, 5 Cir., 200 F.2d 911, at page 914, where the court says:

"But apart from this infirmity we think the allegation claiming the existence of a conspiracy under Section 1 contains a more fundamental defect. It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation. Here it is alleged that the conspiracy existed between the defendant corporation, its president, Calvin, its sales manager, Kelly, and its officers, employees, representatives and agents who have been actively engaged in the management, direction and control of the affairs and business of defendants. This is certainly a unique group of conspirators. * * * *"

This court is unable to see in what respect United States v. Western Union Telegraph Co., supra, cited by plaintiff, gives it any assistance with respect to

the point it attempts to make in this proceeding. There is no doubt but what this court has jurisdiction of the parties in the instant case and would have jurisdiction of plaintiff's claim for relief if one were properly set forth in its complaint.

 Defendant takes the position that the Communications Act of 1934 and the regulations issued by the Commission pursuant to the authority of the statute, impose on the defendant licensee a non-delegable duty to determine what programs shall be broadcast over KDKA–TV. Defendant has thoroughly briefed the proposition asserted, citing the statute, the regulations and many decisions in support thereof. It does not appear that the plaintiff has any quarrel with the principle asserted by defendant. Nevertheless, plaintiff insists that defendant by its actions has violated the Sherman Act. The court cannot agree. It follows that the complaint fails to state a claim against defendant upon which relief can be granted.